IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

NINA Y. HENDERSON, #20925-078 §
§
VS. § CIVIL ACTION NO. 4:16cv783
§ CRIMINAL ACTION NO. 4:13cr37(14)
UNITED STATES OF AMERICA §

## ORDER OF DISMISSAL

*Pro se* Movant Nina Yvonne Henderson filed a motion to vacate, set aide, or correct sentence pursuant to 28 U.S.C. § 2255. The motion was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation (Dkt #15) concluding that the motion should be denied because it was untimely filed. Movant filed objections (Dkt #17).

In Movant's replies (Dkt. ##13, 14) that she filed in response to the Government's answer, Movant stated she lost three months due to "errors of the authorities" in that she was erroneously released on parole from Texas Department of Criminal Justice ("TDCJ") although she still had time to serve on her federal conviction. In her objections, Movant offers new claims in an attempt to receive equitable tolling. Specifically, Movant states that, during a seven-week period after being picked up by the U.S. Marshals Service, she was transferred to several facilities. Movant also states that she could not afford counsel, and that she did not have access to a federal law library[1].

To the extent that Movant claims for the first time not to have access to federal legal materials, she fails to specify which materials she needed, but to which she did not have access.

---

[1] The Court notes that federal legal materials are housed in TDCJ law libraries, and all offenders are afforded some type of access to a meaningful law library. *See* https://www.tdcj.texas.gov/documents/policy/BP0381.pdf and https://www.tdcj.texas.gov/divisions/arrm/res_courts.html (TDCJ's listing of law library collections that includes various federal reporters, supplements, and codes).

1

Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989). Furthermore, a prisoner's limited access to law library is a routine aspect of prison life, and is generally insufficient to trigger equitable tolling absent a specific causal relationship between limited library access and prisoner's late filing. *See* 28 U.S.C. § 2255(f). Additionally, a lack of legal training, proceeding *pro se*, and being unfamiliar with the legal process do not constitute extraordinary circumstances entitling one to equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000).

Movant fails to show that her various transfers and her erroneous release on parole caused her to untimely file her motion. Movant provided a time line in which she provided relevant dates (Dkt. #14). She fails to specify what prevented her from completing her motion between Final Judgment in the underlying criminal case and being released erroneously (August 6, 2015 - May 26, 2016 – approximately nine months). She also fails to specify what prevented her from timely filing her motion after her erroneous release and before being picked up by the U.S. Marshals Service for her federal sentence (May 26, 2016 - August 22, 2016 – approximately three months). In sum, Movant filed the § 2255 motion one month and twenty days beyond the limitations period, and fails to show that "rare and extraordinary circumstances" prevented her from timely filing. *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Movant to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Movant's objections are

without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

It is accordingly **ORDERED** that Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**, and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All other motions not previously ruled on are hereby **DENIED**.

**SIGNED this 26th day of September, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE